UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DIGGING DIRT SITE WORKS, LLC, | ) | CASE NO. 25-10976-SDB |
| | ) | |
| Debtor. | ) | |

**OBJECTION OF CATERPILLAR FINANCIAL SERVICES CORPORATION TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION UNDER <u>SUBCHAPTER  V OF CHAPTER 11</u>**

Pursuant to Sections 1129 and 1191 of the Bankruptcy Code[1], Rule 3017 of the Federal Rules of Bankruptcy Procedure and this Court's Order and Notice of Under Subchapter V of Chapter 11 Fixing Dates for: Filing Election Under § 1111(b); Filing Ballots Accepting or Rejecting Plan; Filing Objections to Confirmation of Plan; and Hearing on Confirmation of Chapter 11 Plan, CATERPILLAR FINANCIAL SERVICES CORPORATION ("CFSC") objects to confirmation of the First Amended Plan of Reorganization Under Subchapter V of Chapter 11 filed on April 3, 2026 [Dkt. 74] (the "Plan").  In support thereof, CFSC states as follows:

**<u>Background - Standing to Object</u>**

1.

DIGGING DIRT SITE WORKS, LLC ("Debtor") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on December 19, 2025 (the "Petition Date").

---

[1] 11 U.S.C. §§ 101-1532

2.

On or about September 19, 2025, Yancey Bros. Co. ("Yancey") and Debtor entered into an Installment Sale Contract (the "Security Agreement") whereby Debtor financed the purchase of one (1) 2021 Caterpillar 740-04GC Articulated Truck, Serial No. 3T800545 (the "Collateral").

3.

On or about September 19, 2025, Yancey assigned to CFSC all of Yancey's interest in and rights and remedies under the Security Agreement.

4.

As of the Petition Date, the total amount outstanding under the Security Agreement, including principal, accrued interest and late charges, but excluding attorneys' fees and other costs and charges that CFSC is entitled to recover under the Security Agreement, was $379,672.40. CFSC filed a secured Proof of Claim for the amounts owed pursuant to the Security Agreement on January 13, 2026 [Claim No. 6].

5.

Under the Plan, CFSC is the holder of a Class 5 secured claim in the amount of $379,672.40 and will be paid in full over eight-four (84) months with interest at 8.75% via quarterly installments of principal and interest in the estimated amount of $18,276.00.

6.

Debtor currently maintains possession of the Collateral which secures the debt obligations owed to CFSC pursuant to the Security Agreement.

**Objections to the Plan**

7.

Confirmation of a Sub V Chapter 11 Plan requires that a plan of reorganization comply with all of the requirements of Section 1129(a) of the Bankruptcy Code except as limited by 11 U.S.C. § 1191(b). The burden of establishing each of these requirements rests squarely with the plan's proponents. Id.; In re Atrium Hightpoint, L.P., 1995 WL 736459 at *8 (Bankr. M.D.N.C. Nov. 17, 1995). Indeed, even in the absence of any confirmation objections, a bankruptcy court has an independent duty to determine whether the plan's proponents have met their burden and satisfied all confirmation requirements. In re Rivers End Apartments, Ltd., 167 B.R. at 475.

8.

CFSC objects to confirmation of the Plan as it is not fair and equitable in its treatment of CFSC's claim. 11 U.S.C. § 1129(b)(2)(A)(i) – (iii).

9.

CFSC objects to confirmation of the Plan as it impermissibly alters CFSC's rights and remedies in guaranty agreements entered into with non-debtor parties prior to the Petition Date. The Plan violates 11 U.S.C. §§ 1129(a)(1) and (a)(3).

10.

CFSC objects to confirmation of the Plan unless it is paid interest at the rate set forth in the Security Agreement. Debtor failed to make one payment under the Security Agreement prior to the Petition Date. The Plan has not been proposed in good faith. 11 U.S.C. 1129(a)(3).

11.

Debtor's default under the terms of the Cash Collateral Order with Commercial Credit Group, Inc. and Debtor's recently filed Monthly Operating Reports demonstrate Debtor's lack of

ability to fund the Plan. CFSC objects to confirmation of the Plan as it is not feasible and Debtor has not sufficiently demonstrated that the Plan is not likely to be followed by the liquidation of Debtor. 11 U.S.C. § 1129(a)(11).

12.

CFSC objects to the Plan as it is not feasible and Debtor has not sufficiently demonstrated that the Plan is not likely to be followed by liquidation of Debtor. Section 1129(a)(11) requires the plan proponent to show concrete evidence of a sufficient cash flow to fund and maintain both its operations and obligations under the plan. In re SM 104 Ltd., 160 B.R. 202, 234 (Bankr. S.D. Fla. 1993). Debtor's latest monthly operating report denotes a nominal cash flow which doesn't even account for on-going debt service. [Doc. 61, p. 2]. Accordingly, this court should deny confirmation pursuant to 11 U.S.C. § 1129(a)(11) because Debtor cannot fund the Plan as proposed.

13.

The indebtedness due under the Security Agreement currently matures in September 2029. The Plan proposes to extend maturity of the indebtedness to 2032. Debtor's proposed three (3) year extension of repayment is commercially unreasonable and contrary to the terms of the Security Agreement. CFSC objects to this provision of the Plan as it extends re-payment of the indebtedness well beyond the expected life cycle of the Collateral.

14.

CFSC objects to confirmation of the Plan as it has not been proposed in good faith. 11 U.S.C. § 1129(a)(3). The Plan unfairly limits and alters CFSC's remedies upon default. The default provisions are unreasonable, directly contradict the obligations in the underlying Security Agreement, and fail to provide CFSC with an immediate right to exercise its remedies pursuant to

state law and the underlying loan documents against Debtor and the Collateral upon default under the Plan.

15.

CFSC objects to confirmation of the Plan as it fails to provide that all terms and provisions of the underlying loan documents, except as expressly modified by the Plan, shall remain in full force and effect until the underlying indebtedness is paid in full, including application of payments, right to attorneys' fees and costs, maintenance of adequate insurance on the Collateral and timely payment of all taxes due for the Collateral by Debtor.

16.

CFSC objects to the Plan as it fails to provide that CFSC shall retain its liens on the Collateral until the indebtedness is repaid in full.  The Plan is not fair and equitable.  11 U.S.C. § 1191(b).

17.

CFSC objects to confirmation of the Plan as it fails to provide for potential deficiency claims arising from the repossession and sale of the Collateral.  To the extent one may exist, CFSC's deficiency claims for the Collateral should be treated and allowed as an unsecured claim and paid in equal dignity with other unsecured creditors.

18.

CFSC's investigation and evaluation of the Plan is ongoing and the objections set forth herein are based on currently available information.  CFSC reserves the right to amend and/or supplement the above objections at or prior to any hearing on confirmation of the Plan.

WHEREFORE, CFSC prays that this Court inquire into this matter, deny confirmation of Debtor's First Amended Plan and grant such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 11th day of May, 2026.

/s/ Ron C. Bingham, II
RON C. BINGHAM, II
Georgia State Bar No. 057240
JOHN A. THOMSON, JR.
Georgia State Bar No. 706760

For the Firm of
ADAMS AND REESE LLP
3455 Peachtree Road, NE, Suite 1750
Atlanta, Georgia 30326
(470) 427-3701 – Telephone
ron.bingham@arlaw.com
john.thomson@arlaw.com
Attorneys for Caterpillar Financial Services Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE:                        )        CHAPTER 11

                               )

DIGGING DIRT SITE WORKS, LLC,      )        CASE NO. 25-10976-SDB

                               )

         Debtor.             )

## CERTIFICATE OF SERVICE

I, Ron C. Bingham, II, of the firm of Adams and Reese LLP, 3455 Peachtree Road, NE, Suite 1750, Atlanta, Georgia 30326, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; and

That, on May 11, 2026, I served a copy of the foregoing Objection of Caterpillar Financial Services Corporation to Debtor's First Amended Plan Under Subchapter V of Chapter 11 in the above-styled case electronically via this Court's CM/ECF System upon registered users and First Class U.S. Mail as follows:

Digging Dirt Site Works, LLC
806 Sentinel Lane
Appling, GA 30802

Daniel L Wilder
Emmett L. Goodman, Jr., LLC
544 Mulberry Street, Suite 800
Macon, GA 31201
bkydept@goodmanlaw.org

James C. Overstreet Jr.
Klosinski Overstreet LLP
1229 Augusta West Parkway
Augusta, GA 30909

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401

Respectfully submitted, this 11th day of May, 2026.

By:    /s/Ron C. Bingham, II
         RON C. BINGHAM, II
         Georgia State Bar No. 057240
         JOHN A. THOMSON, JR.
For the Firm of                Georgia State Bar No. 706760
ADAMS AND REESE LLP
3455 Peachtree Road, NE, Suite 1750
Atlanta, Georgia 30326
(470) 427-3701 – Telephone
ron.bingham@arlaw.com
Attorneys for Caterpillar Financial Services Corporation